IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARWYN DEMOND LEWIS, #43752-177, MOVANT, | § § § § | |
| v. | § § | CASE NO. 3:21-CV-844-N-BK (CRIMINAL NO. 3:11-CR-351-N-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Darwyn Demond Lewis' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 2. Upon review of the relevant pleadings and applicable law, the motion should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

Lewis pled guilty to bank robbery and was sentenced to 162 months' imprisonment and a three-year term of supervised release. Crim. Doc. 29.[1] His appeal was dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). *United States v. Lewis*, 513 F. App'x 396 (5th Cir. 2013) (per curiam). This Court denied his subsequently filed motion to vacate sentence

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Lewis*, 3:11-CR-351-P (N.D. Tex. 2012).

under 28 U.S.C. § 2255 as time barred. *Lewis v. United States*, No. 3:15-CV-3676-P (N.D. Tex. Feb. 5, 2016).

Later, the United States Court of Appeals for the Fifth Circuit denied Lewis leave to file a successive application. *In re Lewis*, No. 16-10287 (5th Cir. May 18, 2016). Undeterred, Lewis filed two more successive § 2255 motions. This Court dismissed the first for want of jurisdiction and transferred the second to the Court of Appeals, which in turn denied Lewis authorization to file a successive application, cautioning him that "the filing of frivolous, repetitive, or otherwise abusive motions or appeals will invite the imposition of sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *See Lewis v. United States*, No. 3:16-CV-1756-N-BK (N.D. Tex. Aug. 15, 2016), *certificate of appealability denied*, No. 16-11410 (5th Cir. Aug. 2, 2017); *Lewis v. United States*, No. 3:18-CV-1294-N-BK (N.D. Tex. June 28, 2018); *In re Lewis*, No. 18-10795 (5th Cir. Aug. 10, 2018).

Yet Lewis persists, and has now filed the motion *sub judice* again seeking § 2255 relief. Doc. 2. He asserts (1) the Court lacks jurisdiction over him, a "sui juris man," and (2) the judgment of conviction is void because the prosecutor "failed to secure a formal complaint signed and sworn to from an injured party/victim." Doc. 2 at 4-5. Lewis also maintains that his § 2255 motion is timely because jurisdictional issues have no time limit, the Court has a duty to act on his motion, and his request to vacate void judgment is based in part on FED. R. CIV. P. 60(b)(4). Doc. 2 at 7-8, 11.

As before, however, this Court lacks jurisdiction over Lewis' successive motion.

**II.    ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a movant may file a second or successive application for federal habeas relief. *See*

28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the movant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).

     Before a movant may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the movant permission to file such an application. *See Davis v. Sumlin*, --- F.3d ---, 2021 WL 2201279, at *1 (5th Cir. June 1, 2021) ("[Petitioner] never sought or obtained that permission, so the district court had no jurisdiction to accept the second-or-successive petition—much less to consider the merits of it." (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007))); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive § 2255 motion. Because Lewis must obtain such an order before he can file a successive application challenging his conviction, this § 2255 motion should be dismissed without prejudice for want of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, it is recommended that Lewis' successive § 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

**SO RECOMMENDED** on July 13, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).